IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANINE L. BALLY, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 02 C 5799 |
| v. | ) ) Judge Robert W. Gettleman |
| HOMESIDE LENDING, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janine L. Bally filed a complaint alleging violations of the Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (b)-(f), related to a residential mortgage loan taken by plaintiff and serviced by defendant HomeSide Lending, Inc. Defendant filed a motion for summary judgment under Fed. R. Civ. P. 56, arguing that plaintiff did not send defendant a qualified written request, as required to trigger its obligation under § 2605(e)(1)(A) of RESPA, and that plaintiff did not suffer damages caused by defendant's actions.

For the reasons discussed below, the court grants defendant's motion for summary judgment.

### FACTS[1]

Plaintiff is an individual residing in New Lenox, Illinios. Until November 16, 2002, defendant was a Florida corporation doing business in Illinois. Defendant serviced "federally related mortgage loans" as defined in § 2602(1) of the RESPA until November 16, 2002, when

---

[1] Unless otherwise noted, the following facts, taken from the parties' L.R. 56.1 statements and attached exhibits, are not in dispute.

Washington Mutual Bank, FA became the successor in interest to defendant, which ceased to exist.

As of February 1, 2001, defendant began servicing the mortgage loan for, and secured by, plaintiff's residence ("Mortgage"), after the servicing of the Mortgage was transferred by BankOne, NA to defendant. Plaintiff received a notice of the transfer dated January 15, 2001 ("Notice of Transfer"), from BankOne and defendant, advising her that servicing of the Mortgage would be transferred to defendant effective February 1, 2001. The Notice of Transfer included a "Borrower Notification Attachment Per RESPA Act," which informed plaintiff, "If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to HomeSide at the address shown on the reverse side of this page." The reverse side of the page provided an address in San Antonio, Texas, but no fax number.

On August 10, 2002, a complaint to foreclose the Mortgage was filed in the Circuit Court of Will County, Illinois. <u>Mortgage Electronic Registration Systems v. Janine L. Bally, et. al.</u>, case no. 01-CH-1236. The law firm of Shapiro & Kreisman represented the plaintiff in the foreclosure litigation. Initially, plaintiff in the instant case appeared pro se as the defendant in the foreclosure. Plaintiff sent two letters, dated October 29 and November 14, 2001, to Shapiro & Kreisman regarding the <u>Mortgage Electric</u> foreclosure action. Each letter states that it was copied to "Homeside Lending's Default Services Dept. via fax #904/224-4809 attn: Nick or Sean."

## SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment

2

as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

## DISCUSSION

Plaintiff's complaint alleges that her letters to Shapiro & Kreisman constituted "qualified written requests" that triggered defendant's obligation under § 2605 of the RESPA to respond within 20 days, which defendant admits it did not do. Defendant argues that plaintiff's letters were not qualified written requests because they were not properly sent to defendant.

RESPA's principle purpose is to protect home buyers from material non-disclosures in their settlement statements and abusive practices in the settlement process. MorEquity, Inc. v. Naeem, 118 F. Supp. 2d 885, 900 (N.D. Ill. 2000). In addition to the actual settlement process, RESPA also applies to the servicing of federally related mortgage loans. Id. Federally related mortgage loans include any loans secured by a first or subordinate lien on residential real property. 12 U.S.C. § 2602(1)(A). 12 U.S.C. § 2605(e)(1)(A) provides, "If any servicer of a federally regulated mortgage loan receives a qualified request from the borrower...for information relating to the servicing of such loans, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days... unless the action requested is

3

taken within such period." A servicer's obligations under § 2605 are not triggered until a borrower sends a qualified request. Id.; see also Ploog v. HomeSide Lending, Inc., 209 F. Supp. 2d 863, 868 (N.D. Ill. 2002); McDonald v. Washington Mut. Bank, FA, 2000 WL 967994, at *3 (N.D. Ill. July 11, 2000).

The Department of Housing and Urban Development promulgated 12 U.S.C. Regulation X, 24 C.F.R. § 3500, as a means to implement RESPA. 24 C.F.R. § 3500.21(e)(1), titled "Duty of law servicer to respond to borrower inquires," addresses a mortgage servicer's obligation under 12 U.S.C. § 2605(e)(1)(A) to respond to a borrower's qualified written request. This paragraph of the regulation also provides, "By notice either included in the Notice of Transfer or separately delivered by first-class mail, postage prepaid, a servicer may establish a separate and exclusive office and address for the receipt and handling of qualified written requests." 24 C.F.R. § 3500.21(e)(1).

If an agency regulation is not in conflict with the plain language of the statute, a reviewing court must give deference to the agency's interpretation of that statute. K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 292 (1988) (citing United States v. Boyle, 469 U.S. 241, 246 n. 4 (1985)). 24 C.F.R. § 3500.21(e)(1), permitting a mortgage servicer to specify an address to which RESPA inquiries must be sent, does not conflict with the plain language of the statute, 12 U.S.C. § 2605(e), and plaintiff in the instant case does not argue that the regulation is otherwise invalid or inapplicable. Under 24 C.F.R. § 3500.21(e)(1), therefore, only a request sent to the San Antonio, Texas, address specified in the Notice to Transfer may constitute a qualified written request to defendant.

4

It is uncontested that plaintiff received the Notice of Transfer, and that she addressed the two letters to the law firm of Shapiro & Kreisman, which was not the servicer of the mortgage. Plaintiff asserts that she faxed a copy of each letter to defendant at (904) 224-4809, and that David Green ("Green"), Shapiro & Kreisman's representative, admitted that defendant actually received the letters. Defendant denies that it received a copy of either letter and argues that Green made no such admission. This question of fact, however, is not material because even if the letters had been faxed or otherwise received by defendant, plaintiff failed to send her correspondence to the correct address as required by RESPA, as discussed above. The Notice of Transfer does not provide a fax number for RESPA inquiries, or any fax number at all, and plaintiff does not assert that she mailed any correspondence to the San Antonio address. Even if the letters constituted qualified written requests, therefore, plaintiff has failed to create a triable issue of fact that she properly sent them to the defendant, as required to implicate defendant's obligations under § 2605 of RESPA.

Accordingly, defendant's motion for summary judgment is granted.

## CONCLUSION

For any and all of the foregoing reasons, defendant's motion for summary judgment is granted.

**ENTER:** **September 8, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**